IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                            Crim. No. 00-1138 LH

MANUEL HEREDIA-CRUZ,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Defendant Heredia-Cruz ("Heredia") filed a *pro se* letter which has been construed as a motion for new trial *(Doc. 39)*. Upon appointing new counsel for Defendant, I held an evidentiary hearing on March 16, 2001. Having taken evidence, and having given due consideration to the arguments of counsel, I find that the motion is not well taken and recommend that it be denied.

### Procedural Status and Evidentiary Hearing

Defendant is currently awaiting sentencing following his conviction for illegal reentry at a jury trial over which Chief District Judge James A. Parker presided. In a letter received by District Judge C. LeRoy Hansen on January 16, 2001, Heredia sought a new trial on the basis of alleged ineffective assistance of trial counsel. *See Doc. 39*. Heredia stated that his attorney, Matthew Bradburn,

> convinced me to take my case to trial against my wishes. And on the date of my trial I noted that my attorney [] was intoxicated. I know as a fact, that I smelled alcohol on his breath. Now . . . I feel that I am entitled to a new attorney and new trial.

*Id.* At the request of Chief Judge Parker, I appointed new counsel, Joe Romero, to represent the defendant and scheduled a fact-finding hearing. Only Defendant's trial counsel testified at that hearing – Defendant chose not to take the stand. Several exhibits were admitted into evidence without objections.

Clearly, Defendant's accusation that his attorney was intoxicated during the trial triggered the decision to hold an evidentiary hearing. Yet the **only** evidence on that subject was Mr. Bradburn's denial.

> Q: Okay. There's no nice way to say this I guess, Mr. Bradburn. You're familiar with the letter written by Mr. Heredia-Cruz alleging that on the date of trial he detected an odor of alcohol on your breath.
> A: I've seen the letter.
> Q: How do you respond to that allegation?
> A: I deny it.

*Transcript at 35-36.* Because Defendant came forward with no evidence to the contrary, a new trial is unwarranted on the basis that his attorney was impaired by alcohol.

Nevertheless, Mr. Romero argued that Defendant had received ineffective assistance of counsel from Mr. Bradburn in the context of plea negotiations.[1] In order to understand the defendant's position on the new trial motion on these grounds, a detailed discussion is required.

## Background

Defendant Heredia was convicted of alien smuggling and subsequently deported on October 31, 1990. At the time of his deportation, Heredia received a written warning from the Immigration and Naturalization Service ("INS"). The warning letter explained that if Heredia

---

[1] It became clear at the hearing that Defendant is not arguing ineffective assistance by counsel during the course of the trial.

2

returned in the next five years to the United States without proper permission, he would be guilty of a felony and subject to imprisonment for up two years. *See Exh. B.*

When he was found in Dona Ana County on April 5, 2000, Heredia was arrested on the charge of illegally reentering the United States after having been previously deported in violation of 8 U.S.C. § 1326(a)(1). Because the 1990 deportation took place after his conviction for "bringing in an alien illegally," he was also charged pursuant to the 8 U.S.C. § 1326(b)(2), which provides an enhanced sentence if the prior conviction qualifies as an "aggravated felony" under 8 U.S.C. § 1101. A grand jury indictment charging Heredia with the same violations was returned on August 17, 2000. *Doc. 19.*

Prior to the indictment, the government extended its standard offer in such cases, that is, pursuant to Rule 11(e)(1)(C) that the government and defendant agree the appropriate offense level of seventeen should apply. On the advice of his first attorney, Peter Giovannini, Defendant indicated that he would accept that offer. However, at each of the scheduled change of plea hearings – set on June 13, 2000 before Magistrate Judge Leslie C. Smith and on July 25, 2000 before Magistrate Judge Joe H. Galvan – no plea was entered.

Mr. Giovannini was permitted to withdraw and Mr. Bradburn appointed as defense counsel. Again, on the advice of his new attorney, Heredia indicated that he wished to accept the government's plea offer. Again, at the plea hearing – this time on October 4, 2000 before visiting District Judge Monti L. Belot – Defendant balked. On all of these occasions, Heredia expressed a willingness to plead guilty to illegal reentry, but not if the charge further alleged a violation of 8 U.S.C. § 1326(b)(2). *See Transcript at 5-8; Transcript of July 25, 2000 Hearing at 11; Docs. 9, 14 & 28.*

Defendant contended that he had not been convicted of a prior <u>aggravated</u> felony. Heredia wanted to preserve his position that his prior felony conviction could not qualify as an "aggravated" felony, because it was only after the 1990 deportation that Congress amended 8 U.S.C. § 1101 to include "bringing in an alien illegally" within its definitions of <u>aggravated</u> felonies supporting an enhanced sentence under 8 U.S.C. § 1326(b)(2). *See* 8 U.S.C. § 1101 (a)(43); *see also* H.R.Rep. No. 104-22 at 5 (1995) ("H.R. 688 makes several amendments to the Immigration and Nationality Act . . . the bill would add certain crimes to the definition of 'aggravated felony'"). Defendant continues to believe that it would be unfair, and a violation of the *ex post facto* clause, to subject him to an enhanced penalty for a past crime when it did not then constitute an aggravated offense under the statute.[2]

After consulting with several of his criminal defense colleagues and after independently researching the "aggravated" felony issue, Mr. Bradburn felt that Heredia's argument would be unsuccessful. *See Transcript at 36-39.* Although Heredia was characterized by all at the hearing as intelligent and extremely conversant on this area of the law, Mr. Bradburn was unable to

---

[2] Heredia is not the first to make such an argument under the statutory definitions or the Federal Sentencing Guidelines. For example, in *United States v. Viramontes-Alvarado*, 149 F.3d 912 (9th Cir.), *cert. denied*, 525 U.S. 976 (1998), Defendant noted that Application Note 7 to U.S.S.G. § 2L1.2 directs sentencing courts to look to 8 U.S.C. § 1101(a)(43) for the definition of what constitute aggravated felonies. The Ninth Circuit held that prior convictions for Robbery with a Deadly Weapon and Kidnaping that were not classified as "aggravated felonies" under § 1101(a)(43) at the time of sentencing on those charges could not support the application of a sixteen-level enhancement under U.S.S.G. § 2L1.2(b). *Id.* at 918; *but see United States v. Estrada-Quijas*, 183 F.3d 758 (8th Cir. 1999) (holding no violation of *ex post facto clause* by applying immigration laws and sentencing guidelines requiring 16-level increase for having prior conviction for an "aggravated felony," even though prior offense was only classified as "aggravated felony" after the date on which defendant physically reentered the United States).

convince Heredia that the plea offer represented his best option.[3]  The extended plea offer required Defendant to waive his right to appeal on the above grounds.[4]  Because Heredia insisted on preserving that legal issue, he was unwilling to enter a plea of guilty pursuant to the agreement.  In Mr. Bradburn's opinion, proceeding to trial was the only sure way for Defendant protect his legal argument.

Mr. Romero contends that Mr. Bradburn was ineffective because he failed to explore two options: (1) inquiring if the prosecution would permit a Rule 11(a)(2) conditional plea; or (2) pleading guilty to the indictment without the benefit of any plea agreement.  It is Defendant's position that either of these options would have preserved Heredia's legal argument, but enabled Defendant to seek a three-level reduction for affirmative acceptance of responsibility under Section 3E1.1(a) and (b) of the Federal Sentencing Guidelines.

Mr. Bradburn testified that he considered a "plea without papers," but was concerned that a plea "straight up" to the §1326(b)(2) charge could constitute a waiver and, thereby,

---

[3]  Indeed, even new counsel indicated at the hearing that he, too, would so advise Heredia.

> Romero: Well, Your Honor, if we were to be granted the motion for a new trial, we basically would be at that square one again in trying to negotiate any pretrial disposition of this case, although obviously I assume that the government would not be imposed - would not be predisposed to offering its standard 17- point preindictment plea deal.  ***That's certainly what I would attempt to obtain on behalf of my client because we've acknowledged, Your Honor, there's no factual defense here.***

*Transcript at 65-66* (emphasis added).

[4]  The standard pre-indictment Rule 11(e)(1)(C) agreements from this district ***require*** the defendant to waive the right to appeal any sentence imposed unless it departs upwards from the applicable sentencing guideline range.

5

effectively thwart Heredia's ability to argue to the sentencing judge or on appeal that he was guilty only of a violation on § 1326(b)(1).  Mr. Bradburn also indicated that he did not remember exploring the possibility of a conditional plea.  No evidence was introduced, however, that the United States Attorney's Office would have even considered such a plea agreement.

### Analysis

In *Strickland v. Washington*, the Supreme Court set out the proper analysis for claims of ineffective assistance of counsel as follows:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. 668, 687 (1984).  Moreover, "[j]udicial scrutiny of counsel's performance must be highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  In this light, it appears that Defendant fails on both prongs of the *Strickland* inquiry.

It is clear that Mr. Bradburn provided affective assistance of counsel when he advised Defendant to accept the offered plea agreement.  After being fully informed, Heredia refused because he wanted to pursue his legal challenge on the aggravation issue.  Defendant faults counsel's ultimate opinion that proceeding to trial served as the only avenue to absolutely secure that right.  Even assuming that the alternatives argued by Defendant would have been actually available and would have preserved Heredia's legal argument, I cannot say that Mr. Bradburn

failed to provide the reasonable professional assistance of counsel guaranteed by the Sixth Amendment under the circumstances of this case.

I am also unpersuaded that the *Strickland* prejudice prong has been satisfied. Nothing was presented to indicate that the government would even have considered a conditional plea. By proceeding to trial, Defendant has met his objective to preserve his legal argument. Yet, Heredia contends that if he had pled guilty without a plea agreement, he would have preserved that argument *and* still receive one additional reduction point at sentencing.[5]

It seems to me that the "prejudice" allegations are speculative and premature at this point. First, there is no evidence that Defendant would have received a three-level reduction had he pled guilty. Indeed, given the prior aborted plea attempts and nearness of trial at the last plea attempt, the Court may have felt that a full three-level reduction was inappropriate. The Court may yet find that, given the unique circumstances, Defendant should receive the full reduction for acceptance of responsibility.

Even if Defendant is denied the additional one level reduction, it may be that the sentencing judge will impose a sentence within the guideline range that would have applied if Heredia had qualified for a full three-level reduction. If so, it would be difficult to find any actual prejudice. Finally, it appears that Defendant should be able to raise his legal argument as to the "aggravated" felony in objections to the Pre-Sentence Report.

Wherefore,

---

[5] The government has indicated that it will not oppose Probation's recommendation that Defendant receive a two-level reduction for acceptance of responsibility.

**IT IS HEREBY RECOMMENDED** that Defendant's Motion for New Trial be DENIED.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE